ACCEPTED
03-14-00586-CR
5333666
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/19/2015 9:28:17 AM
JEFFREY D. KYLE
CLERK

## No. 03-14-00586-CR

In the Court of Appeals
Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/19/2015 9:28:17 AM
JEFFREY D. KYLE
Clerk

**Terrell Maxwell, Appellant**

**vs.**

**The State of Texas, Appellee**

## The State's Motion to Dismiss Appeal for Want of Jurisdiction

The State of Texas, by and through the District Attorney for Travis County, respectfully moves this Court to dismiss the instant appeal for want of jurisdiction.

1. Background

In December 2007—at the age of 17—the appellant shot and killed Fernando Santander during the course of a robbery. The appellant was charged by indictment with capital murder. The State did not seek the death penalty. In December 2008, a jury found the appellant guilty of capital murder, and the trial court automatically assessed the appellant's punishment at imprisonment for life without parole, pursuant to Texas Penal Code section 12.31(a)(2). The appellant's conviction and sentence were affirmed by this Court on direct appeal. *See Maxwell v. State*, No. 03-09-00027-CR , 2010 Tex. App. LEXIS 9036 (Tex. App.—Austin Nov. 12, 2010) (not designated for publication). The mandate was

1

issued on June 22, 2011.

On June 25, 2012, the U.S. Supreme Court ruled, in *Miller v. Alabama*, that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012).

Citing *Miller v.* Alabama, the Court of Criminal Appeals, on March 12, 2014, granted habeas relief to the appellant and vacated his automatic sentence of life without parole. The appellant's case was remanded to the trial court "for further sentencing proceedings to permit the factfinder to assess applicant's sentence at (1) life with the possibility of parole (as both pre-2005 and post-2013 Texas law permits) or (2) life without parole after consideration of applicant's individual conduct, circumstances, and character." *Ex parte Maxwell*, 424 S.W.3d 66, 76 (Tex. Crim. App. 2014).

On August 8, 2014, the trial court held a sentencing hearing, during which the State asked the trial court to assess a sentence of life imprisonment with the possibility of parole. RR 5, 6-7. Defense counsel argued, *inter alia*, that "the only sentence that was available between 2005 and 2013 has now been nullified, been ruled moot and no longer exists" and that the appellant therefore "should actually stand trial over again, pursuant to the murder statute, and face the possibility of a five-year-to-life-in-prison sentence and, of course, up to a $10,000 fine." RR 5-6.

At the conclusion of that hearing, the trial court assessed the appellant's punishment at imprisonment for life with a possibility of parole. RR 9, 1 CR 235-36 (judgment).

On September 11, 2014, the appellant filed a motion for new trial. CR 240. On that same date, he filed a notice of appeal. 1 CR 242.

2. <u>This appeal should be dismissed because the notice of appeal was untimely</u>

"In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal." Tex. R. App. P. 25.2(b). In the instant case, the appellant's notice of appeal was untimely, and he has therefore failed to perfect his appeal. Rule 26.2 of the Texas Rules of Appellate Procedure provides, in pertinent part, as follows:

> 26.2 Criminal Cases.
>   (a) By the Defendant. --The notice of appeal must be filed:
>     (1) within 30 days after the day sentence is imposed or suspended
> in open court, or after the day the trial court enters an appealable
> order; or
>     (2) within 90 days after the sentence is imposed or suspended in
> open court if the defendant timely files a motion for new trial.

Tex. R. App. P. 26.2(a). In the instant case, the appellant's deadline for filing a notice of appeal is governed by section (a)(1) of Rule 26.2.

a. <u>The appellant's untimely motion for new trial did not extend the deadline for filing a notice of appeal</u>

Under section (a)(2) of Rule 26.2, a notice of appeal is timely if it is filed "within 90 days after the sentence is imposed or suspended in open court if the

defendant <u>timely</u> files a motion for new trial." Tex. R. App. P. 26.2(a)(2) (emphasis added).  In this case, the appellant did file a motion for new trial, but that motion was untimely.  The deadline for filing such a motion is specified in Rule 21.4, which provides as follows:

> Rule 21 *New Trials in Criminal Cases*
> \*\*\*
> 21.4  Time to File and Amend Motion.
>   (a)  To File. --The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

Tex. R. App. P. 21.

Here, the appellant's motion for new trial was filed on September 11, 2014, more than 30 days after August 8, 2014, the date on which the appellant's sentence was imposed.  *See* RR 9.  Because the appellant's motion for new trial was untimely, section (a)(2) of Rule 26.2 does not apply.  Instead, the timeliness of the appellant's notice of appeal must be determined by reference to section (a)(1) of that rule.

b.  <u>The appellant's notice of appeal was untimely under Tex. R. App. P. 26.2(a)(1)</u>

The appellant's notice of appeal was not filed within the timeframe specified in section (a)(1) of Rule 26.2.  Specifically, the appellant did not file his notice of appeal "within 30 days after the day sentence [was] imposed or suspended in open court." Tex. R. App. P. 26.2(a)(1).  In this case, the trial court assessed the

4

appellant's punishment on August 8, 2014. *See* RR 9. Monday, September 8, 2014, was the last day on which the appellant's notice of appeal could have been timely filed. However, the appellant's notice of appeal was not filed until Thursday, September 11, 2014. 1 CR 242.

   3. <u>The appellant's appeal should be dismissed</u>

"A notice of appeal which complies with the requirements of Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction. If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal." *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The instant appeal should therefore be dismissed for want of jurisdiction.

## PRAYER

Wherefore, the State respectfully requests that this Court dismiss the instant appeal.

Respectfully submitted,

ROSEMARY LEHMBERG
District Attorney
Travis County, Texas

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro
Assistant District Attorney
Director, Appellate Division
State Bar No. 00785584
P.O. Box 1748
Austin, Texas  78767
Phone No. (512) 854-9400
Fax. No. (512) 854-4206
Scott.Taliaferro@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based on the computer program used to generate this motion, that this motion contains 1,056 words, excluding words contained in those parts of the motion that Rule 9.4(i) exempts from inclusion in the word count.  I certify, further, that this motion is printed in a conventional, 14-point typeface.

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro

CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of May, 2015, a copy of the foregoing motion was sent, via U.S. mail, email, facsimile, or electronically through the electronic filing manager, to the following attorney for the appellant:

Jon Evans, Esq.
806 West 11th Street
Austin, Texas 78701
Fax No.:     (512) 477-6840
Email:        jontevans@aol.com

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro
